# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **AARON WOLBER,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:21-CV-0029-RP** |
| | § | |
| | § | |
| **ROUND ROCK INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, Dkt. 27; Plaintiff's Response, Dkt. 28; and Defendant's Reply, Dkt. 29. The District Court referred the Motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

Plaintiff Aaron Wolber brings this cause of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, alleging he was illegally retaliated against by his former employer Round Rock Independent School District.

The following facts are taken from Wolber's First Amended Complaint. Dkt. 30. Wolber was employed as a third-grade teacher at Bluebonnet Elementary School, in RRISD, under a one-year "term" contract. After this term, the RRISD School Board

1

decided to not renew Wolber's contract. Wolber then filed a lawsuit in federal court complaining about, among other things, gender discrimination. *See Wolber v. RRISD*, No. 1:19-CV-602-AWA (W.D. Tex. 2020), at Dkt. 1. This case was subsequently dismissed with prejudice. *Id.* at Dkts. 23, 27.

Wolber asserts that after he filed the lawsuit and during its pendency, RRISD retaliated against him by investigating him. Wolber complains that in the course of the investigation, which is undisputedly an investigation of a RRISD board member Wolber communicated with, the attorneys hired by RRISD did not interview Wolber or reach out to his counsel. At the conclusion of the investigation, the RRISD School Board held an emergency meeting about the investigation and related report. RRISD voted to publicly release the attorney's investigative report, as well as all attached emails and texts, including some authored by Wolber. Wolber complains that the release of the report damaged his reputation and career.

Wolber filed a charge with the EEOC in December 2019, asserting RRISD retaliated against him for the protected activity of filing his prior suit, when it publicly released its investigative report. He received a right-to-sue letter a year later. Dkt. 30-1. He then subsequently filed this suit.

RRISD moves to dismiss for failure to state a claim, arguing: (1) that Wolber improperly attempts to bring a defamation claim clothed as a Title VII claim; (2) RRISD does not qualify as Wolber's "employer" at the time of his alleged injury and therefore Wolber suffered no adverse employment action; (3) Wolber's claims are barred by *res judicata* and collateral estoppel; and (4) Wolber failed to exhaust his

administrative remedies. The undersigned finds that Wolber's Title VII cause of action should not be dismissed for the reasons set out below.

## II.    Standard of Review

RRISD moves to dismiss Wolber's Title VII claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.    Discussion

**A. Defamation**

RRISD first moves to dismiss Wolber's Title VII claim asserting it is not a proper Title VII claim, but in fact a defamation claim. Wolber asserts he is making a proper "opposition clause" claim. Under Title VII's antiretaliation provision, protected activity can consist of either: (1) "opposing any practice made an unlawful employment practice by [Title VII]" or (2) "making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under [Title VII]." *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (quoting 42 U.S.C. § 2000e-3(a)). The first of these prongs is known as the "opposition clause"; the second is known as the "participation clause." *See id.* Under Title VII's "opposition clause," it is unlawful for an employer "to discriminate against any individual … because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). In this case, Wolber complains that several months after he was terminated, as part of an investigation into the improper conduct of a school board trustee, the results of the investigation were made public, including his texts and emails. He argues these actions were taken in retaliation for filing his first federal suit, which included a gender discrimination claim

The undersigned finds that Wolber has stated a claim for retaliation and that his claim is not simply a tort claim disguised as a Title VII claim. A Title VII retaliation plaintiff must establish that: "(1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the

4

employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) (quoting *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 394 (5th Cir. 2000)). The undersigned finds that Wolber has sufficiently alleged these elements.

## B. Adverse Employment Action

RRISD argues that it was not his "employer" at the time of the complained-of retaliation, and therefore its actions could not qualify as an adverse *employment* action. To establish that a defendant is liable under Title VII, the plaintiff must prove both of the following: first, that the defendant meets Title VII's definition of "employer," *i.e.*, "a person engaged in an industry affecting commerce who has fifteen or more employees." *Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't,* 479 F.3d 377, 380 (5th Cir. 2007) (quoting 42 U.S.C. § 2000e(b)). And, second, that "an employment relationship exists between the plaintiff and the defendant." *Id.* (citing *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)).

In this case, at the time he made his retaliation complaint to the EEOC, Wolber qualified as a former employee of RRISD. The Supreme Court has made clear that a former employee may pursue a retaliation claim based on conduct that occurred after employment ends or outside the workplace. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) ("[W]e hold that former employees are included within [Title VII] § 704(a)'s coverage."); *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (An adverse employment action in the retaliation context is one that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a

charge of discrimination."). Thus, RRISD's argument that it does not qualify as Wolber's "employer" fails.

RRISD next argues that Wolber did not suffer an "adverse employment action" as the conduct he complains of—the released investigatory report, in which he was named, although not the subject of—occurred well after his employment was terminated. In the context of a retaliation claim, unlike that of a discrimination claim, Title VII "does not confine the actions and harms it forbid to those that are related to employment or occur at the workplace." *White*, 548 U.S. at 57. In *White*, the Supreme Court explicitly rejected the Fifth Circuit's "ultimate employment decision" standard, "which limit[ed] actionable retaliatory conduct to acts such as hiring, granting leave, discharging, promoting, and compensating." *Id.* at 60, 67. Instead, *White* held, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68; *see also id.* at 69 (adding that the standard is phrased "in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances").

The majority of cases finding a post-employment adverse employment action have involved a negative post-employment reference to a future employer. *See Teague v. Williamson Cty.*, No. 18-1098, 2020 WL 2542869, at *13 (W.D. Tex. May 19, 2020) (a negative employment reference may constitute an adverse employment action); *Allen v. Texas Dep't of Transp.*, 186 F. App'x 501, 503 (5th Cir. 2006) (assessing the

relevant causal nexus as between the filing of an EEOC charge and a negative employment reference); *Levitz v. Alicia's Mexican Grille, Inc.*, No. CV H-19-3929, 2020 WL 710013, at \*3 (S.D. Tex. Feb. 11, 2020) (a negative reference may constitute an adverse employment action as required for her post-termination retaliation claim as well as serve as the sufficient basis of a defamation claim.); *accord Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 464 (6th Cir. 2001) (concluding no causal connection linked plaintiff's prior EEOC charge and former employer's negative reference to prospective employer).

This case does not involve a negative reference to a particular employer, but the public release of statements relating to an investigation of another individual and not Wolber. In his pleadings, Wolber asserts that the statements in the released report were damaging to his reputation and career, including statements that he was a "master manipulator" and is a guy who "hurts kids." Dkt. 30, at 4. RRISD asserts that the investigation in issue was into the alleged improper conduct of a board member and not Wolber, and that "any release of the report was made in the interest of transparency of a public entity." Dkt. 29, at 2. The report in issue is not properly before the Court, and it is possible that in context, the statements contained in it do not qualify as an adverse employment action. However, the undersigned finds that Wolber has adequately pled his Title VII claim sufficient to withstand RRISD's motion on this basis.

### C.  Exhaustion of Administrative Remedies

RRISD also argues that Wolber failed to exhaust his administrative remedies, asserting that it has not received a notice from the EEOC that a Charge of Discrimination was filed by Wolber, and that RRISD was not given an opportunity to respond to Wolber's Charge. Wolber has attached a right-to-sue latter dated November 20, 2020, to his Response. Dkt. 28-1. The letter notes that he filed Charge No. 450202001553 against Round Rock Independent School District and states "more than 180 days have elapsed since the Commission assumed jurisdiction over the charge." *Id.* Accordingly, the undersigned finds that Wolber's Amended Complaint cannot be dismissed for failure to exhaust administrative remedies at this juncture.

### D.  *Res Judicata* and Collateral Estoppel

The undersigned lastly addresses RRISD's argument that Wolber's claim fails based upon *res judicata* and collateral estoppel. Wolber's first suit against RRISD was filed June 11, 2019. *See Wolber v. RRISD*, No. 1:19-CV-602-AWA (W.D. Tex. 2020), Dkt. 1. He filed an Amended Complaint in that suit on May 1, 2020. *Id.*, at Dkt. 25. The RRISD report that Wolber alleges was retaliatory was published on August 30, 2019. Dkt. 30. Wolber filed a Charge of Discrimination with the EEOC on December 11, 2019. *Id.* RRISD argues that Wolber could have raised his retaliation claim in his first lawsuit as the alleged retaliation occurred several months before he filed his Amended Complaint, by requesting a stay of that suit in order to exhaust his administrative remedies. Wolber responds that he could not have filed suit on his retaliation claim until he received his right-to-sue letter on November 20, 2020, three

months after his first suit was dismissed. Dkt. 28, at 6. RRISD replies that the fact that Wolber did not yet have a right-to-sue letter does not preclude the application of *res judicata.*

*Res judicata* "forecloses re-litigation of claims that were or could have been raised in a prior action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). A claim is barred by *res judicata* when: (1) the parties in both the prior and current suits are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raises the same cause of action in both suits. *Id.* at 313 (citing *Howe v. Vaughan*, 913 F.2d 1138, 1143-44 (5th Cir. 1990)). At issue in this case in the fourth factor, whether Wolber raised or could have raised the retaliation claim in his prior action.

Courts in this circuit apply "the 'transactional test' to determine if later-brought claims are precluded by an earlier-brought lawsuit." *Murry v. GSA*, 553 F. App'x 362, 365 (5th Cir. 2014) (per curiam) (citing *Davis,* 383 F.3d at 313); *see Nilsen v. City of Moss Point*, 701 F.2d 556, 563 (5th Cir. 1983) (en banc) ("The doctrine of *res judicata* contemplates, at a minimum, that courts be not required to adjudicate, nor defendants to address, successive actions arising out of the same transaction, asserting breach of the same duty."). Under these principles, for instance, a plaintiff may not bring "a second Title VII discrimination suit arising from events related to the discriminatory acts alleged in an earlier Title VII suit." *ASARCO, L.L.C. v. Mont. Res., Inc.*, 858 F.3d 949, 957 (5th Cir. 2017) (citing *Davis*, 383 F.3d at 314). However,

the Fifth Circuit has held that "subsequent wrongs" by a defendant constitute new causes of action, *see Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981), and that "[a] Title VII plaintiff is free to bring successive actions, claiming in each that his employer has taken retaliatory actions against him more recent than the prior lawsuit," *Dawkins v. Nabisco, Inc.*, 549 F.2d 396, 397 (5th Cir. 1977).

RRISD relies upon *Davis*, 383 F.3d at 315-16, in support of its argument that Wolber should have filed his retaliation claim in his prior suit despite his lack of a right-to-sue letter. *Davis*, however, differs from this case. Although the court in *Davis* rejected the plaintiffs' argument against the application of *res judicata* because they lacked a right-to-sue letter for the claims in issue, the Fifth Circuit "emphasized that the operative facts alleged in the second case had occurred before the first lawsuit was filed. The plaintiffs thus could have also alleged that conduct in the first suit and sought a stay of those claims pending receipt of a right-to-sue letter from the EEOC." *Id.*, at 314-16. In this case, the alleged retaliatory conduct occurred after the first suit was filed. *Davis*, therefore, is factually distinguishable, and the undersigned finds that Wolber's claims are not precluded by *res judicata. Cf. Welsh v. Ft. Bend Indep. Sch. Dist.*, 860 F.3d 762, 766-67 (5th Cir. 2017) (examining Texas *res judicata* principles and "reject[ing] FBISD's argument that Welsh was required to amend her petition in *Welsh I* to include claims that were not mature at the time of filing *Welsh I*. We specifically reject the idea that every time something happens after a lawsuit is filed the plaintiff must immediately amend or risk losing that claim forever. In the employment context, FBISD's proposed rule would require a plaintiff to repeatedly

amend her petition and then stay her initial lawsuit to file charges with the EEOC for conduct that arises during that lawsuit."); *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, No. 3:18-CV-1737-E-BN, 2021 WL 2003992, at \*9 (N.D. Tex. Apr. 30, 2021), report and recommendation adopted, No. 3:18-CV-1737-E-BN, 2021 WL 1966877 (N.D. Tex. May 17, 2021) (finding *res judicata* inapplicable because while the plaintiff may have duplicated many assertions in his series of suits, "as established by the applicable background chronology, above, his subsequent lawsuits are based (at least in some part) on subsequent facts, as evidenced by his subsequent EEOC charges and subsequent right-to-sue letters")

Lastly, the parties argue whether Wolber's suit should be dismissed based on the theory of collateral estoppel. Application of collateral estoppel to a prior federal judgment requires: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action. *Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983). The retaliation alleged by Wolber in this case was not included in his prior case, and thus collateral estoppel does not apply.

The undersigned finds that dismissal is not appropriate at this time.

## IV.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Fed.R. Civ. P. 12(b)(6) Motion to Dismiss, Dkt. 27. **IT IS**

**FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** December 8, 2021.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE